UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Joseph Grillo,

        Plaintiff

v.

USAA General Indemnity Company,

        Defendant

Case No. 2:25-cv-02541-CDS-EJY

**Order Granting in Part Defendant's Motion to Dismiss**

[ECF No. 4]

This is an insurance breach of contract and related claims for relief suit brought by plaintiff Joseph Grillo against defendant USSA General Indemnity Company (USAA).[1] *See* Am. compl., ECF No. 1-2. As set forth in the amended complaint, Grillo was injured in a car accident that occurred in Reno, Nevada around July 8, 2022. *Id.* at 4, ¶ 7. At the time of the accident, Grillo had an insurance policy[2] with USAA that included underinsured motorist coverage in the amount of $1,000,000. *Id.* at ¶ 8. Grillo alleges that he is entitled to payment under his underinsured motorist portion of the Policy, which to date, USAA has not tendered payment. *See id.* at 4–5. Grillo further alleges that despite his well-documented demand, USAA has failed to submit any payment to him, which necessitated bringing this action. *Id.* at 5, ¶ 21.

Grillo brought this case in the Second Judicial District Court, Washoe County, Nevada, alleging three causes of action: (1) breach of contract, (2) a violation of Nevada's Unfair Insurance Claims Practices Act; and (3) breach of the covenant of good faith and fair dealing. *See generally id.* The defendants removed this action on December 19, 2025, based on diversity jurisdiction. *See* Pet. for removal, ECF No. 1. The defendants now move to dismiss claims two and

[1] Grillo initially brought suit against USAA Casualty Automobile Company, USSA General Indemnity Company, and USAA County Mutual Insurance Company (collectively, "the defendants" or "USAA"). *See* Compl., ECF No. 1-1. However, the plaintiff filed an amended complaint prior to removal, asserting claims only against USAA General Indemnity Company. *See* Am. compl., ECF No. 1-2.
[2] The policy number is identified as 047317807g71017 ("the Policy"). *See* ECF No. 1-2 at 4, ¶ 9.

three of the amended complaint for failing to state a claim. Mot., ECF No. 4. Grillo opposes the motion, asserting that the motion is procedurally improper, and that contrary to the defendant's argument, the amended complaint does include sufficient allegations to survive dismissal. *See* Opp'n, ECF No. 9. The motion is now fully briefed. Reply, ECF No. 14. For the reasons set forth herein, I grant in part and deny in part the motion to dismiss.

## I.      Legal standard

A complaint must include "[a] short and plain statement of . . . claim[s] showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Under the Federal Rules of Civil Procedure, a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, legal conclusions are not awarded this same presumption just because they are cast in the form of factual allegations. *Twombly*, 550 U.S. at 555. A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Id.* at 556. Further, if a motion to dismiss is granted, I should also grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). To make that determination, the court considers: (1) the presence or absence of undue delay, (2) bad faith, (3) dilatory motive, (4) "repeated failure to cure deficiencies" in previous amendments, and (5) futility of the amendment. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)).

## II.      Discussion

As a threshold matter, the court addresses Grillo's argument that the court should deny the motion to dismiss because it is not directed at the operative complaint. *See* ECF No. 9 at 5–6.

2

Although it does appear that the defendant cites the original complaint[3] in laying out the background information, the underlying allegations are the same in the amended complaint; the only difference is the paragraph numbering. *Compare* ECF No. 1-1, *with* ECF No. 1-2. So for the purposes of judicial efficiency the court will resolve the motion on its merits.

**A. Grillo's Nevada Unfair Claim Practices Act claim (Claim II) is dismissed without prejudice.**

The court first addresses the defendant's argument that Grillo failed to properly allege violations of Nevada Unfair Claims Practices Act (UCPA). The UCPA addresses the way an insurer handles an insured's claim. *See Zurich Am. Ins. Co. v. Coeur Rochester, Inc.*, 720 F. Supp. 2d 1223, 1236 (D. Nev. 2010). It "designates certain insurance company activities to be unfair practices and by implication permits a private right of action by an insured against an insurer for violation of the statute," provides broader protections than the tort of bad faith, and extends to the processing of the insurance claim. *Williams v. Am. Fam. Mut. Ins. Co.*, 2012 WL 1574825, at *4 (D. Nev. May 2, 2012) (citing *Hart v. Prudential Prop. & Cas. Ins. Co.*, 848 F. Supp. 900, 903 (D. Nev. 1994)). Thus, pursuant to the UCPA, an insured can recover for any damages sustained because of a defendant committing any act defined by the UCPA to be an "unfair practice." NRS 686A.310(2).

Grillo brings his UCPA claim under Nevada Revised Statute (NRS) § 686A.310, subsections (b), (e), (f), and (n). NRS 686A.910(b) prohibits an insurance company from failing to acknowledge and act reasonably promptly upon communications regarding an insurance claim arising under their policy. *See id.* at 686A.910(b). The amended complaint alleges that the Policy, which was in full effect at the time of Grillo's 2022 car accident (the relevant time), included underinsured motorist coverage. ECF No. 1-2 at 4, ¶¶ 7, 9. It further alleges that Grillo is entitled to payment under that provision of the Policy, USAA failed to adequately conduct, investigate, and/or evaluate the plaintiff's claim from February 26, 2025, through the date of the

---

[3] The motion does not include the ECF No., but the paragraph citations demonstrate the defendant cited to the original complaint.

amended complaint, and Grillo submitted information regarding his injuries, medical records, and billing to USAA, as well as made efforts to settle with USAA, to no avail. *See id.* at 4–5. USAA argues that these allegations are insufficient to establish liability under UPCA. *See* ECF No. 4 at 5. I disagree. These allegations plausibly allege Grillo submitted a claim under the Policy which the defendant failed to acknowledge and act upon with reasonable promptness, that USAA failed to effectuate a prompt, fair, and equitable settlement after their liability became reasonably clear,[4] and that as a result, Grillo was compelled to initiate litigation to recover amounts owed to him under the Policy. So Grillo's UPCA claims under NRS 686A.310(1)(b), (e), and (f) survive dismissal.

However, the amended complaint fails to set forth sufficient allegations regarding Grillo's UPCA claim under subsection (n) of NRS 686A.310(1), which prohibits an insurance provider from failing to promptly provide to an insured a reasonable explanation for denying a claim or for an offer to settle or compromise the claim. *See* NRS 686A.310(1)(n). The insurance company's explanation must be based on the facts of the insured's claim, the applicable insurance policy itself, and any applicable law. *Id.* The amended complaint does not include allegations that USAA denied the claim or that USAA communicated any information that it was going to deny the claim. Nor does it include any information regarding communications that Grillo's offer to settle was denied. Rather, the amended complaint alleges that USAA has failed to respond to Grillo's claim and demands, or in the alternative, has failed to make any offer to settle the claim. *See* ECF No. 1-2 at 4–5. This is insufficient to plausibly allege a violation of NRS 686A.310(1)(n), so USAA's motion to dismiss claim two alleging a violation of that subjection of UCPA is granted. Because it is unclear if amendment is futile, dismissal is granted without prejudice and with leave to amend.

---

[4] It is a close call as to whether Grillo sufficiently alleges that USAA's liability was reasonably clear, however, this claim survives because the accident occurred in 2022 and this action was not filed until 2025, making the timeline for reasonable liability as set for in the amended complaint plausible.

USAA also moves to dismiss Grillo's UPCA claim for failing to exhaust administrative remedies. *See* ECF No. 4 at 7. Grillo avers this is not a basis to dismiss the complaint because numerous courts have determined that there is no requirement that a plaintiff first exhaust its administrative remedies before bringing a claim under NRS 686A.310(1). ECF No. 9 at 7. Grillo further asserts that the cases USAA relies upon to advance its administrative exhaustion argument address different provisions of the insurance code so are not applicable here. *See id.* at 8. I agree with Grillo. While Nevada's Insurance Commissioner has exclusive jurisdiction to regulate insurance trade practices, an insured may sue for damages for violations of 686A.310(1) without requiring administrative exhaustion. *See Iovino v. Am. Trust Fin. Servs., Inc.,* 776 F. Supp. 3d 889, 903 (D. Nev. 2025) (first citing NRS 686A.015, 686A.310(2); and then citing *Meehan v. State Farm Mut. Auto. Ins. Co.,* 2024 WL 4132743, at *5 (D. Nev. Sep. 9, 2024)).[5] So USAA's motion to dismiss on this ground is denied.

Finally, USAA moves to dismiss the UPCA claim because an insurance company cannot be held liable for a UPCA unless an officer, director or department head of the insurer had knowingly permitted the unfair practice. ECF No. 4 at 7–8 (collecting cases). Grillo does not dispute this requirement but argues that USAA does not cite any authority requiring a plaintiff to identify the executive(s) from the insurance company who permitted the unfair practice as a pleading requirement, and further, that each case relied upon by USAA in advancing this argument granted relief to an insurance company at summary judgment. *Id.* at 8. Finally, Grillo argues that he has sufficiently pled that the UPCA violations were "done with Defendant's actual and/or implied knowledge." *Id.* (citing ECF No. 1-2 at ¶ 42).

Indeed, there is a pleading requirement that a plaintiff identify the insurer's executive(s) who permitted the alleged UPCA violation, but the statute does provide that an insurer shall not

---

[5] In its reply, USAA cites to *Pintar v. CSAA General Insurance, Co.* to argue this court has previously determined that administrative exhaustion is required. ECF No. 14 at 5 (citing 2023 WL 6850118, at *4 (D. Nev. Oct. 16, 2023)). But omitted from USAA's reply brief is the fact that the plaintiffs in that action *conceded* administrative exhaustion was required, making that case factually distinct from this action. *See id.*

"be held guilty of having committed any of the acts prohibited by . . . 686A.310 . . . by reason of the act of any agent, solicitor or employee not an officer, director or department head thereof, unless an officer, director or department head of the insurer has knowingly permitted such act or has had prior knowledge thereof." NRS 686A.270. While Grillo included the actual/implied knowledge, that language is too broad to satisfy NRS 686A.270. So this claim is dismissed without prejudice and with leave to amend.

### B.   Grillo's breach of the good faith and fair dealing covenant claim (Claim III) is dismissed without prejudice.

USAA argues that the plaintiff's good faith and fair dealing claim should be dismissed for two main reasons. First, USAA argues that the conduct that gives rise to the breach of contract claim (Claim I) is the same as the conduct alleged to support the covenant claim (Claim III), which is prohibited under Nevada law. Second, USAA argues that the amended complaint lacks sufficient allegations to support the claim because Grillo fails to allege that they lacked a reasonable basis for disputing coverage, or that USAA knew, or recklessly disregarded, the absence of a reasonable basis for doing so.

In Nevada, a contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922–23 (Nev. 1991). So a party sufficiently alleges a breach of the implied covenant by identifying the contract that forms the basis for the claim, identifying the conduct that constitutes breach of the covenant, and alleging that the breach caused the party damage. *See Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994). However, a claim alleging breach of the implied covenant of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim. *See Stebbins v. Geico Ins. Agency*, 2019 WL 281281, at *2 (D. Nev. Jan. 22, 2019).

Grillo meets the first and third pleading requirements but fails to sufficiently allege the second requirement. The amended complaint does not allege what constitutes the breach of the covenant or that that USAA literally complied with the Policy's (contract) terms but took some other action to deliberately infringe the Policy's spirit. Instead, Grillo relies on the same allegations that also form the breach of contract claim. I therefore dismiss the third claim without prejudice and with leave to amend.

**III.     Conclusion**

IT IS HEREBY ORDERED that USAA's motion to dismiss **[ECF No. 4] is granted in part and denied in part**, as set forth in this order.

IT IS FURTHER ORDERED that, pursuant to Local Rule 16-5, this matter is referred to the magistrate judge for a settlement conference.

IT IS FURTHER ORDERED that, if the case does not settle and the plaintiff wishes to amend, he must file a second amended complaint within 14 days of the conclusion of the unsuccessful settlement conference.

Dated: June 1, 2026

_____

Cristina D. Silva
United States District Judge